UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------  x

BRIAN LOCKETT,                                       :
                                                     :
                              Petitioner,            :         **ORDER DISMISSING**
                                                     :         **PETITION FOR WRIT**
              -against-                               :         **OF HABEAS CORPUS**
                                                     :
WARDEN CARYN FLOWERS,                                :         3:25-CV-653 (VDO)
                                                     :
                              Respondent.            :
------------------------------------------------------------------  x

**VERNON D. OLIVER**, United States District Judge:

Petitioner Brian Lockett ("Petitioner") is a sentenced federal inmate in the custody of the Bureau of Prisons ("BOP") currently housed at FCI Danbury. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241[1] and a memorandum in support.[2]

Petitioner requests that this Court order the Bureau of Prisons ("BOP") to award him time credits under the First Step Act ("FSA") to reduce the remainder of his federal sentence and to order that the BOP release him to Residential Reentry Community Placement under the Second Chance Act ("SCA").[3] Respondent argues that Petitioner is ineligible for time credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi) of the FSA because his sentence was imposed in accordance with 21 U.S.C. § 841(b)(1)(A)(vi).[4] In Petitioner's Reply, he claims that he is entitled to FSA credits because his judgment of conviction does not state that he was sentenced

---

[1] Pet., ECF No. 1.

[2] Pet'r Mem., ECF No. 1-1.

[3] *See* Pet., ECF No. 1; Pet'r Mem., ECF No. 1-1 at 1–4.

[4] *See* Resp., ECF No. 9 at 2.

under § 841(b)(1)(A)(vi), and he also now claims that the Government breached the plea agreement in his criminal case.[5]

For the following reasons, the Court **DISMISSES** in part **and DENIES** in part the Petition.

I.      **BACKGROUND**

   A.      **Procedural History of Petitioner's Criminal Case**

On February 27, 2019, Petitioner was indicted by a grand jury in the District of Maryland, in criminal case No. 19-cr-98-ELH, for Possession with Intent to Distribute Controlled Substances, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Felon in Possession of a Firearm and Ammunition.[6] On February 14, 2020, Petitioner entered into plea agreement with the Government.[7]

The plea agreement provided, in relevant part, that Petitioner was pleading guilty "to a two count criminal information, which charge[d] [Petitioner] in Count One with Possession with Intent to Distribute 100 grams or more of an analogue Fentanyl, 40 grams or more of Fentanyl, and 100 grams or more of Heroin, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(A)."[8] As to the elements of the Count 1 offense, Petitioner agreed to plead guilty to: (a) "knowingly or intentionally possessed an analogue of fentanyl, fentanyl, and heroin as charged"; (b) [t]he substances were in fact an analogue of fentanyl, fentanyl, and heroin"; (c) "[t]he substances constituted of 100 grams or more of a mixture of substance containing a

---

[5] Reply, ECF No. 14 at 2.

[6] *See* Indictment, *USA v. Lockett*, No. 19-cr-98-ELH (D. Md. Feb. 27, 2019), ECF No. 1.

[7] Plea Agreement, Attach. C to Breece Decl., ECF No. 9-2 at 17–27.

[8] *Id*. at 17.

detectible amount of an analogue of fentanyl, 40 grams or more of a mixture of substance containing a detectible amount of fentanyl, and 100 grams or more of heroin," and; (d) "[Petitioner] possess[ed] the substances with the intent to distribute them."[9] Finally, Petitioner was also advised that for Count 1, specifically, 21 U.S.C. § 841(a)(1) and (b)(1)(A), the minimum prison sentence was ten years and the maximum sentence was life.[10]

On March 3, 2020, Petitioner was charged in a superseding information (the "Information"), which was referenced in the plea agreement, with Possession with Intent to Distribute Controlled Substances (Count One) and Possession of a Stolen Firearm (Count Two).[11] As to Count One, the Information specifically stated, in relevant part, as follows:

> On or about May 24, 2018, in the District of Maryland and elsewhere, the defendant, Brian Lockett, did knowingly and intentionally possess with intent to distribute greater than 100 grams of a mixture and substance containing a detectable amount Acetylfentanyl, an analogue of Nphenyl-N-[1-2-phenylethyl)-4-piperidinyl] propanamide and a Schedule I controlled substance; greater than 40 grams of a mixture and substance containing a detectible amount of N-phenyl-N-[1-2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; and greater than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. 21 U.S.C. § 841(a)(1).[12]

On March 4, 2020, Petitioner was arraigned on Counts I and II of the Information, and he waived indictment.[13] On the same day, the plea agreement was entered on the criminal

---

[9] *Id*. at 17–18.

[10] *Id*. at 18.

[11] *See* Superseding Information, *Lockett*, No. 19-cr-98-ELH (D. Md. Mar. 3, 2020), ECF No. 24.

[12] *See id.* at 1.

[13] *See* Arraignment & Waiver of Indictment, *Lockett*, No. 19-cr-98-ELH (D. Md. Mar. 4, 2020), ECF Nos. 26–27.

docket,[14] and on October 29, 2020, Petitioner was sentenced.[15] The judgment of conviction memorialized that Petitioner: (i) had pleaded guilty to Counts 1 and 2 of the superseding information; (ii) was convicted of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j); (iii) was sentenced to 144 months as to Count 1, and 120 months as to Count 2, to run concurrent for a total term of 144 months with credit for time served in custody since May 24, 2018; and (iv) was also sentenced to a term of 5 years supervised release as to Count 1, and 2 years supervised release as to Count 2, to run concurrent for a total term of 5 years.[16]

### B.    Petitioner's Section 2241 Petition & Procedural Posture

On April 25, 2025, over four years after Petitioner was sentenced, he filed this § 2241 petition and memorandum, in which he confirms that he was convicted of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j).[17] In the petition, Petitioner claims that the BOP violated his constitutional rights by miscalculating his FSA credits, and he also argues that the BOP should have allowed him to serve the remainder of his sentence, as of June 11, 2025, in a Residential Reentry Center or Home Confinement under the SCA.[18] Attached to Petitioner's Memorandum, is a FSA Time Credit Assessment dated 02/4/2025,[19] and a FSA Time Credit

---

[14] *See id.*

[15] *See* Sentencing, *Lockett*, No. 19-cr-98-ELH (D. Md. Oct. 29, 2020), ECF No. 38.

[16] J., Attach. A to Breece Decl., ECF No. 9-2 at 7–9.

[17] Pet'r Mem., ECF No. 1-1 at 1.

[18] Pet., ECF No. 1 at 1.

[19] The February 2025 FSA credit assessment shows that Petitioner had been previously eligible for conditional placement under the SCA for 06/11/25, but his April 2025 FSA credit assessment

Assessment dated 04/2/2025.[20] The 04/2/2025 FSA Credit Assessment shows that Petitioner previously had: (i) a conditional transition to community date of 06/11/2026; (ii) a FSA Conditional Placement Date of 06/11/2026; (iii) a FSA Conditional Release Date of 09/24/2027; (iv) a "GCT REL" (Good Credit Time) release date of 09/23/2028; and, (v) accrued 470 FSA conditional placement days.[21]

After reviewing the petition, the Court issued an order to show cause,[22] and Respondent filed a response to the petition,[23] with attached exhibits.[24] Respondent contends that, in preparing the response, Respondent only noticed for the first time that "Petitioner may have been mistakenly deemed eligible to earn FSA credits."[25] Respondent argues that, while Petitioner's judgment of conviction only references 21 U.S.C. § 841(a)(1), Petitioner pleaded guilty to "a two count criminal information, which charge[d] the Defendant in Count One with Possession with Intent to Distribute 100 grams or more of an analogue of Fentanyl, 40 grams or more of Fentanyl, and 100 Grams or more of Heroin, in violation of 21 U.S.C. § 841(a)(1)

---

showed that he was no longer eligible for conditional placement under the SCA. *See* Feb. 2025 FSA Assessment, Ex. 2 to Pet'r Mem., ECF No. 1-1 at 10–12.

[20] Apr. 2025 FSA Assessment, Ex. 3 to Pet'r Mem., ECF No. 1-1 at 14–16.

[21] *Id*. at 16.

[22] Order, ECF No. 5.

[23] Resp., ECF No. 9.

[24] Respondent's exhibits included a copy of Petitioner's criminal docket, ECF No. 9-1, as well as a declaration from Mandy Breece, the Case Management Coordinator at FCI Danbury, ECF No. 9-2. Attached to the Breece Declaration are Petitioner's judgment of conviction, plea agreement, sentencing monitoring computation data, and correspondence from the sentencing judge in Petitioner's criminal case. ECF No. 9-2 at 6–27. Respondent also submitted a sealed letter from the Sentencing Court. ECF No. 11.

[25] Resp., ECF No. 9 at 2.

an[d] (b)(1)(A)."[26] Because a conviction for a violation of 21 U.S.C. § 841(b)(1)(A)(vi) would render Petitioner ineligible to earn FSA credits, Respondent sought clarification from the Sentencing Court as to whether Petitioner's sentence was actually imposed in accordance with 21 U.S.C. § 841(b)(1)(A)(vi).[27]

In return correspondence, the Sentencing Court advised that after reviewing the chambers file and pleadings that were docketed in the criminal case:

> [t]he materials make clear that [Petitioner] pleaded guilty, *inter alia*, to possession with intent to distribute 100 grams or more of an analogue of fentanyl, in violation of 21 U.S.C. § 841(a)(1).

> . . . [T]he record reflects that [Petitioner] entered a plea of guilty . . . to a two-count Superseding Information. . . . Count One of the Superseding Information expressly states that the defendant 'did knowingly and intentionally possess with intent to distribute greater than 100 grams of a mixture and substance containing a detectable amount of Acetylfentanyl, an analogue of N-phenyl-N-[1-2-phenylethyl)-4-piperidinyl] propanamide and a Schedule I controlled substance.' In addition, Count One the Superseding Information asserts that defendant possessed with intent to distribute more than 40 grams of a substance known as fentanyl, and more than 100 grams of a substance containing a detectable amount of heroin.

> . . . Count One of the Superseding Information, which was prepared by the United States Attorney, cites only 21 U.S.C. § 841(a)(1). It does not cite 21 U.S.C. § 841(b)(1)(A)(vi). However, I am unaware of any authority that requires an information to specify the provision that governs the imposition of penalty.

> The guilty plea was tendered pursuant to a Plea Agreement . . . . Paragraph I of the Plea Agreement expressly indicates that defendant was charged with possession with intent to distribute, *inter alia*, '100 grams or more of an analogue of Fentanyl . . ., in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Moreover, paragraph 3 of the Plea Agreement sets out the maximum penalties provided by law for Count One, as well as the mandatory minimum term of imprisonment, and it cites both 21 U.S.C. § 841(a)(1) and (b)(1)(A).

> The Court imposed sentence on October 29, 2020, in accordance with 21 U.S.C.

---

[26] *Id*. at 2; *see also* Plea Agreement, Attach. C to Breece Decl., ECF No. 9-2 at 17–27.

[27] Resp., ECF No. 9 at 2.

§ 841(a)(1). . . . Consistent with the Superseding Information, the Judgment made reference to the actual offenses, as well as the corresponding statutory provisions. For Count One, that is 21 U.S.C. § 841(a)(1).[28]

Based on the response from the Sentencing Court, Respondent contends that Petitioner's sentence was in fact imposed in accordance with 21 U.S.C. § 841(b)(1)(A)(vi), and thus, pursuant to 18 U.S.C. § 3632(d)(4)(D)(lxvi), Petitioner is not eligible to earn FSA time credits.[29] As such, Petitioner's release date has reverted to his good conduct release date pursuant to 18 U.S.C. § 3624(b), which is September 23, 2028.[30] Respondent further submits that Petitioner will not be eligible for community placement under the Second Chance Act until September 2027, and that Petitioner will be considered for such placement at the appropriate time.[31]

Petitioner has filed a Reply arguing that his judgment did not state that he was convicted under 21 U.S.C. § 841(b)(1)(A)(vi), that the judgment and commitment controls, and that the word conviction refers only to what he was convicted of, and not his conduct.[32] Petitioner also argues, for the first time, that the Government breached the plea agreement in his criminal case because the Government is now arguing that Petitioner was convicted under a statute not specifically identified in the plea agreement.[33] Petitioner further argues that the plea agreement did not specifically state any disqualifying offense code, such as 21 U.S.C. § 841(b)(1)(A)(vi),

---

[28] Sentencing Court Correspondence, ECF No. 11 at 2–3.

[29] Resp., ECF No. 9 at 2, 5.

[30] *Id*. at 2; see also Sentence Data, Attach. B to Breece Decl., ECF No. 9-2 at 14–15.

[31] Resp., ECF No. 9 at 2, 5–8.

[32] Reply, ECF No. 14 at 3.

[33] *Id*. at 3.

and accordingly there are two remedies to rectify his disqualification from FSA credits, either specific performance of the plea agreement or withdrawal of the guilty plea.[34] In this case, Petitioner requests that the Court order specific performance of the plea agreement.[35]

## II.    <u>LEGAL STANDARD</u>

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, habeas petitioners may seek relief under § 2241 "to challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, [or] type of detention and prison conditions.'" *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74 (D. Conn. 2020) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)), and collecting other Second Circuit cases). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (alteration added).

---

[34] *Id*. at 4.

[35] *Id*.

III.    **DISCUSSION**

   A.    **Petitioner's Collateral Attack on his Conviction and Sentence**

The First Step Act was enacted to encourage federal prisoners to complete evidence-based recidivism reduction programs ("EBPRs") and other productive activities ("PAs"), which was intended to encourage federal prisoners to complete evidence-based recidivism reduction programs ("EBRRs"), *Duah v. Puzio*, No. 24-CV-1616 (VAB), 2025 WL 1678447, at *1 (D. Conn. June 13, 2025), by providing time credits to an inmate who successfully completes such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey v. Pullen*, No. 22-CV-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023). An inmate classified as minimum or low risk of recidivism earns either ten or fifteen days of FSA time credits for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A). Application of these credits enables an inmate to transfer to prerelease custody (on home confinement or to a residential reentry center ("RRC")), or to discharge to her term of supervised release, prior to the completion date of her sentence. *See* 18 U.S.C. §§ 3624(g)(2) and (3); 18 U.S.C. § 3632(d)(4)(C); *see also Saleen v. Pullen*, No. 23-CV-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023).

The FSA includes a list of 68 statutes, the violation of which renders an inmate ineligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant to this action, 18 U.S.C. § 3632(d)(4)(D) provides: "Ineligible prisoners. – A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

> **(lxvi)** Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)),

relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

Here, Petitioner does not appear to contest the fact that a federal prisoner "convicted" of violating 21 U.S.C. § 841(b)(1)(A)(vi), is ineligible for FSA time credits. Instead, it appears that Petitioner's claims are now centered around the alleged breach of his plea agreement and his assertion that he was not "convicted" or sentenced under 21 U.S.C. § 841(b)(1)(A)(vi). But this Court lacks jurisdiction over Petitioner's challenges to his plea agreement and the imposition of his conviction and sentence.[36] *See Cogdell v. Warden, Danbury-FCI*, No. 23-CV-00387 (KAD), 2025 WL 401148, at *2 (D. Conn. Jan. 30, 2025); *see also Yalincak v. United States*, No. 09-CV-2104 (JBA), 2010 WL 2232477, at *3 (D. Conn. May 28, 2010) (petitioner's claims in § 2241 petition for "ineffective assistance of counsel and breach of a plea agreement—[were] grounds for § 2255 motion," and not § 2241 petition).

As discussed above, "a prisoner may seek relief under § 2241 if he seeks to challenge the *execution* of his sentence, *i.e.*, the manner in which it is being calculated or carried out at a prison facility." *Id*. (alteration added). If, however, the prisoner seeks to challenge the validity of his conviction or sentence, the prisoner must instead file a motion for post-conviction relief under 28 U.S.C. § 2255. *See Dhinsa v. Krueger*, 917 F.3d 70, 80–81 (2d Cir. 2019); *Levine v. Apker*, 455 F.3d 71, 77–78 (2d Cir. 2006). A motion under § 2255 must be brought in the sentencing court, "a court already familiar with the facts of the

---

[36] At the outset of this case, Petitioner solely seemed to claim that the BOP was miscalculating his FSA credits and that he should be entitled to release under the SCA.

10

case." *Boumediene v. Bush*, 553 U.S. 723, 775 (2008); *see also Cogdell*, 2025 WL 401148, at *2. "In fact, a district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court unless it ... appears that the remedy by motion to the sentencing court is inadequate or ineffective to test the legality of an inmate's ... detention." *Williams v. United States*, No. 21-CV-1028 (CSH), 2021 WL 3421568, at *2 (D. Conn. Aug. 5, 2021) (cleaned up).[37]

Petitioner's claims pertaining to the alleged breach of his plea agreement are properly brought under § 2255, as opposed to § 2241. *See Gonzalez v. Warden of MCC New York*, No. 12-CV-6910, 2013 WL 144956, at *6 (S.D.N.Y. Jan. 14, 2013) ("even if Petitioner succeeded in challenging his plea waiver, the allegations raised in this petition are not cognizable under 28 U.S.C. § 2241"). Accordingly, Petitioner's claims that collaterally attack his plea agreement and sentence are reserved for the sentencing court and are dismissed for lack of jurisdiction.

---

[37] "A federal prisoner may [only] challenge the validity of his conviction under [the savings clause of] § 2241 if he establishes that § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Franklin v. Hudson*, 579 F. App'x 50, 51 (2d Cir. 2014) (quoting 28 U.S.C. § 2255(e)). Specifically, the savings clause is solely reserved for a petitioner "who seeks to establish habeas jurisdiction and can make a threshold showing, based on the existing record, that he is innocent of his crime of conviction under a legal theory that was not previously available to him." *Dhinsa*, 917 F.3d at 80. When it comes to challenges to a conviction or sentence, § 2241 relief is preserved for "unusual circumstances [that] make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Here, it is clear from the face of the pleadings that Petitioner is not claiming that he is innocent of his crime of conviction under a legal theory that was not previously available to him, nor is there any indication that Petitioner cannot seek relief in the sentencing court for claims pertaining to the validity of his plea agreement, conviction, or sentence. In fact, a review of Petitioner's criminal matter shows that Petitioner has never filed a motion under § 2255. In summary, the savings clause does not apply.

11

**B.      Omission of 21 U.S.C. § 841(b)(1)(A) in Charging Document & Judgment**

The Court makes no determination as to the validity of Petitioner's plea agreement and sentence as those determinations are outside of this Court's jurisdiction and are reserved for the Sentencing Court. Furthermore, it seems as if Petitioner does not concede that he was convicted or sentenced under § 841(b). Nevertheless, to the extent Petitioner argues that the omission of 21 U.S.C. § 841(b)(1)(A) from a charging document or judgment automatically precludes a defendant being sentenced in accordance with a drug quantity penalty enhancement under 21 U.S.C. § 841(b)(1)(A), that claim is without merit. The Court is not aware of any authority requiring that the penalty enhancement provision, i.e., 21 U.S.C. § 841(b)(1)(A), be specified in a charging document or judgment.

When a defendant is sentenced pursuant to 21 U.S.C. § 841(b), "drug quantity is an element of the offense that must be charged in the indictment and proved to a jury beyond a reasonable doubt or admitted by the defendant where the quantity triggers a change in both the mandatory minimum sentence and the maximum sentence." *United States v. Aquart*, No. 06-CR-160 (JBA), 2021 WL 4859863, at *4 (D. Conn. Oct. 18, 2021), *aff'd,* 92 F.4th 77 (2d Cir. 2024) (quoting *United States v. Gonzalez*, 420 F.3d 111, 129 (2d Cir. 2005)). Even so, § 841(b) is clearly the penalties section of 21 U.S.C. § 841.

"The title of 21 U.S.C. § 841 is 'Prohibited Acts A,' indicating the Congressional intent that it denote the offense, while the title of sub-section § 841(b) is 'Penalties,' reflecting the Congressional intent that that subsection denotes the classes or means of committing the prohibited act and the corresponding penalties based on the relative severity of the conduct." *United States v. Swinton*, No. 19-CV-65-1 (VLB), 2020 WL 1940744, at *2 (D. Conn. Apr. 22, 2020) (citing *Almendarez-Torres v. United States*, 523 U.S. at 234 (1998) ("[T]he title of

a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.")); *see* Pub. L. 91-513 § 401, 84 Stat. 1236, 1260-61 (1970) (establishing 21 U.S.C. § 841 using section title "Prohibited Acts A" and sub-section notation "Penalties").

"Section 841(b)(1) expressly sets forth the penalties for convictions under § 841(a), supporting at least a stronger argument that when a defendant is convicted under § 841(a), he or she is convicted under § 841(b)(1)." *Turner v. Keyes*, No. 22-CV-321, 2022 WL 17338577, at *4 (W.D. Wis. Nov. 30, 2022). Under such circumstances a prisoner is ineligible to earn FSA credits pursuant to Section 3632(d)(4)(D)(lxv) where the sentencing court has applied a role enhancement. *Mason v. Entzel*, No. 25-CV-7, 2025 WL 3211543, at *2 (E.D. Ky. Oct. 24, 2025).

Petitioner's reliance on *Escobar v. Edge*, No. EP-25-CV-158, 2025 U.S. Dist. LEXIS 102429, *3, 7-8 (W.D. Tex. May 27, 2025), is misplaced. In *Escobar*, petitioner was not charged with, nor did he plead guilty to a specific amount of fentanyl, and petitioner had not been found guilty of violating 21 U.S.C. § 841(b)(1)(A)(vi) and (B)(vi). Instead, petitioner in *Escobar* was found guilty of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and so the BOP conceded that petitioner was not disqualified from FSA credits. Similarly, in both *Hernandez v. Barron*, No. C23-968, 2023 U.S. Dist. LEXIS 231609, *2-3, 2023 WL 9058372 (W.D. Wash. Oct. 6, 2023), and *Espinoza v. H. Barron*, No. 23-cv-00967, 2023 U.S. Dist. LEXIS 203924, *2-3, 2023 WL 7497036 (W.D. Wash. Oct. 23, 2023), the BOP had conceded that the petitioners were not disqualified from FSA credits because petitioners were only convicted of offenses involving more than 40 grams of fentanyl, and there was no relevant disqualifying statutory provision under the FSA regarding fentanyl offenses that did not trigger a mandatory minimum penalty.

Here, in contrast to *Escobar*, *Hernandez*, and *Espinoza,* the penalty enhancement provision which Petitioner contests falls within the "Penalties" subsection of 21 U.S.C. § 841(b)(1)(A), which contains a mandatory minimum penalty. As discussed, the Court makes no determination as to the validity of Petitioner's plea agreement and sentence. However, from the face of the documents in Petitioner's criminal case, there can be no dispute that the Information, while not specifically referencing § 841(b), did contain the drug quantity amount and listed all the elements necessary to charge a defendant with a conviction under § 841(a) and a sentencing enhancement under § 841(b)(1)(A)(vi).

Likewise, the plea agreement listed: (i) all of the elements necessary for a conviction under § 841(a)(1) and a sentencing enhancement under § 841(b)(1)(A)(vi); (ii) stated that Petitioner agreed to waive indictment and plead guilty to a charge of Possession with Intent to Distribute 100 grams or more of an analogue of Fentanyl, 40 grams or more of Fentanyl, and 100 grams or more of Heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (iii) provided the minimum and maximum sentence for the offenses, § 841(a)(1) and (b)(1)(A), to which Petitioner pleaded guilty.

Inclusion of the specific sentencing enhancement provision, i.e., § 841 (b)(1)(A), in an information and judgment is not a prerequisite for a defendant to be sentenced in accordance with  § 841 (b)(1)(A), so long as the drug quantity sentencing enhancement elements are included in the charging document and are admitted through a plea. *See United States v. Doe*, 66 Fed. App'x. 249, 252 (2d Cir. 2003)

Accordingly, even if Petitioner were to set aside his challenges to his plea agreement and sentence, this Court finds that the documents from Petitioner's criminal case show that he was sentenced to a penalty enhancement in accordance with § 841 (b)(1)(A), and thus,

14

Petitioner is disqualified from earning FSA credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi). *See Gonzalez-Jacquez v. Birkholz*, No. 25-CV-05894, 2026 WL 530760, at *5 (C.D. Cal. Feb. 20, 2026), *R. & R. Adopted*, 2026 WL 768619 (C.D. Cal. Mar. 17, 2026) (Because "[p]etitioner specifically admitted that the amount of drugs involved was 2,204 grams of fentanyl," . . . Petitioner [was] ineligible for ETCs because he <u>both</u> violated 21 U.S.C. § 841(a)(1) <u>and</u> [was] serving a sentence under 21 U.S.C. § 841(b)(1)(A)(vi)) (emphasis in original); *see also Banks v. Emmerich*, No. 25-CV-7, 2025 WL 296545, at *1 (W.D. Wis. Jan. 24, 2025) (finding petitioner ineligible for FSA credits because he was sentenced under § 841(b)(1)(A)(vi), and the fact that his indictment, plea agreement, and judgment did not refer to § 841(b)(1)(A)(vi) was immaterial); *Johnson v. LSCI-Allenwood Warden*, No. 23-CV-1841, 2023 WL 8791172, at *2 (M.D. Pa. Dec. 19, 2023) (finding petitioner ineligible for FSA credits under 18 U.S.C. § 3632(d)(4)(D)(lxv), and noting that if a "defendant's sentencing record does not identify a penalty provision, courts have consulted the plea agreement, the Presentence Investigation Report ("PSR"), and the district court's sentence to determine the § 841 (b) penalty provision"); *Twyman v. Eischen*, No. 22-CV-1361, 2023 WL 3293055, at *5 (D. Minn. Apr. 4, 2023), *R. & R. Adopted*, 2023 WL 3276514 (D. Minn. May 5, 2023) (Given the language in the indictment, "[petitioner's] admissions in his plea, the PSR, and the sentencing court's adoption of the PSR, the fact that the Judgment and Indictment do not list the talismanic inclusion of § 841(b)(1) is of no avail under the facts of this case.").

## C. Second Chance Act

To the extent Petitioner seeks relief under the Second Chance Act, this Court also does not have the authority to grant this request. The SCA allows the BOP, in its discretion, to place inmates in prerelease custody in a residential reentry center or on home confinement during

the final months of their term of imprisonment (not to exceed 12 months) to adjust to and prepare for reentry into the community. *See* 18 U.S.C. § 3624(c)(1).

The "BOP has the exclusive authority to determine the facility where an inmate will serve his sentence and to transfer the inmate from one facility to another." *Milchin v. Warden*, No. 22-CV-195 (KAD), 2022 WL 1658836, *2 (D. Conn. May 25, 2022). Any decision of the BOP relating to the place of confinement "is not reviewable by any court." 18 U.S.C. § 3621(b); *see United States v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) (noting that the "district court does not control how the Executive Branch carries out a defendant's sentence"). "[C]ourts considering requests to be transferred to home confinement have consistently denied such requests, as they lack authority to order such transfers." *Id.* (citing *United States v. Woody*, 463 F. Supp. 3d 406, 408–09 (S.D.N.Y. 2020)). As pre-release custody "placement under the [SCA] is within the sole discretion of BOP[,]" Petitioner has no right to relief for a court order requiring his release to community placement or home confinement under the SCA. *Fall v. Stover*, No. 24- CV-1176 (OAW), 2024 WL 4564605, at *2 (D. Conn. Oct. 24, 2024); *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009).

## IV.    **CONCLUSION**

For the foregoing reasons, the Petition for writ of habeas corpus [ECF No. 1] is: (a) **DISMISSED** for lack of jurisdiction to the extent Petitioner seeks to collaterally attack his conviction and sentence; (b) **DENIED** to the extent Petitioner claims that the omission of  21 U.S.C. § 841(b)(1)(A) from a charging document or judgment indicates that a defendant was not or could not have been sentenced to a penalty enhancement in accordance with 21 U.S.C. § 841(b); and (c) **DENIED** to the extent Petitioner seeks review of decisions committed to the

16

discretion of the Bureau of Prisons, including placement or other relief under the Second Chance Act.

The Clerk of the Court is respectfully directed to close this case. Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED.**

Hartford, Connecticut
July 9, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

17